AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Northern District of New York

U.S. DISTRICT COURT - N.D. OF N.Y.
**FILED**
APR - 2 2026
AT_____ O'CLOCK
John M. Domurad, Clerk - Plattsburgh

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | |
| Ashok KUMAR, | ) | Case No.   8:26-PO-32 (GLF) |
| Jagjit SINGH, | ) | |
| Ranjit SINGH, | ) | |
| and SONMATH, | ) | |
| | ) | |
| Defendants. | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.  On or about the date(s) of April 1, 2026, in the county of Franklin in the Northern District of New York the defendants violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1325(a)(1) | Entry Without Inspection. |

This criminal complaint is based on these facts:
See attached affidavit.

☒     Continued on the attached sheet.

*Dylan J. Thomas*   4/1/2026
_____
*Complainant's signature*

U.S. Border Patrol Agent Dylan J. Thomas
_____
*Printed name and title*

Attested to by the Affiant in accordance with Rule 4.1 of the Federal Rues of Criminal Procedure.

Date:   *APRIL 2, 2026*

_____
*Judge's signature*

City and State:    Plattsburgh, New York

Hon. Gary L. Favro, U.S. Magistrate Judge
_____
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

*United States of America v.* **Ashok KUMAR, Jagjit SINGH, Ranjit SINGH, and SONMATH**

I, Dylan J. Thomas, hereby depose and state under penalty of perjury:

1.      I am a Border Patrol Agent (BPA) with the United States Department of Homeland Security (DHS), Bureau of Customs and Border Protection (CBP), United States Border Patrol (USBP) assigned to the Burke Border Patrol Station. I have been a Border Patrol Agent since August 2017. My primary duty is to assist in the prevention of illicit trafficking of people and contraband between the official ports of entry. My authority to perform this mission is articulated in the Immigration and Nationality Act, sections 235 and 287, and Title 8 U.S.C. Section 1357. These bodies of law relate to, among other things, a Border Patrol Agents authority to interrogate any alien or person believed to be an alien, and to make an arrest of any alien who is entering or attempting to enter the United States in violation of the immigration laws. To enforce these laws, I have received training at the Federal Law Enforcement Training Center in Artesia, New Mexico in Law, Operations, Firearms, Driving Techniques, and Physical Techniques. This affidavit is based in part on information provided to me by others and from law enforcement and immigration databases. It does not set forth all of my knowledge about the investigation.

2.      I submit this affidavit in support of a criminal complaint charging defendants Ashok KUMAR, Jagjit SINGH, Ranjit SINGH, and SOMNATH with violating 8 U.S.C. § 1325(a)(1), which prohibits any alien, that is, any person who is not a citizen or national of the United States, from entering or attempting to enter the United States "at any time and place other than as designated by immigration officers."

**Probable Cause**

1.      On March 31, 2026, at approximately 10:55 P.M., Swanton Sector Border Patrol Dispatch (KAD-640) notified Border Patrol Agents assigned to the Burke Border Patrol Station of a border security activation depicting at least two individuals walking southbound near the U.S./Canada International Border in Fort Covington, NY.

*United States of America v.* **Ashok KUMAR, Jagjit SINGH, Ranjit SINGH, and SONMATH**

2.    Agents acknowledged this border security activation and responded toward the general area. Historically, this area of Fort Covington has been heavily utilized for alien smuggling and in recent weeks has seen an uptick in illicit cross-border activity. As one of the most frequently utilized routes of travel for individuals trying to enter the United States illegally within the Burke Station area of responsibility, the transmission power lines that run through Fort Covington lead directly from where these individuals were detected on the International Boundary line to NY-37. Agents anticipated the pick-up location for these individuals to either be NY-37 at the end of the powerlines, or on Burns Holden Road, underneath the powerlines as they cross the road. Agents positioned themselves along NY-37 covering all likely points of egress for a smuggling vehicle while monitoring electronic surveillance systems.

3.    Agents positioned along NY-37 observed a Massachusetts (MA) plated SUV as it travelled northbound towards Fort Covington. While travelling toward Fort Covington, agents observed the SUV turn eastbound onto Burns Holden Road. As agents observed the vehicle turn on to Burns Holden Road, they observed only the driver inside of the vehicle. At this time, three separate marked Border Patrol vehicles positioned themselves a few miles away at the intersection of NY-122 and NY-37 facing toward NY-37 anticipating the observation of the MA plated vehicle.

4.    As suspected, the vehicle approached the agents positioned at the intersection of NY-122. Agents then activated their Border Patrol vehicle overhead take-down lights to illuminate the potential smuggling vehicle. Agents clearly observed that there were now several individuals inside the vehicle. Agents pulled out behind the SUV, now identified as a black Lexus RX350 bearing MA registration 6WDX97. The Lexus SUV accelerated from approximately 55 MPH to approximately 75 MPH before agents were able to catch up to it, ultimately deciding to decelerate.

5.    Agents activated their emergency lights and sirens and executed a vehicle stop to conduct an immigration inspection on NY-37 just north of the CR-21 intersection in Westville, NY. Agents approached the vehicle and identified themselves as United States Border Patrol Agents. Agents quickly observed that all the

*United States of America v.* **Ashok KUMAR, Jagjit SINGH, Ranjit SINGH, and SONMATH**

occupants inside the vehicle except for the driver were soaking wet and covered in mud. Likely due to walking through the rain and mud along the border. Agents questioned the driver as to the purpose of him being in the area where he claimed that he was coming from Plattsburgh, NY. Simultaneously, he reached up and closed the navigation route displayed on his cellphone mounted to the vehicle windshield. Agents then, for investigative purposes asked the driver to step out of the vehicle while they conducted their immigration inspection on all occupants.

6.    Agents escorted the driver, later identified as Rameshbhai Maganbhai PATEL, to the back side of his vehicle and continued questioning. Agents asked PATEL where he was coming from, to which he claimed that he was coming from Massachusetts, where he lives.

7.    Agents then asked why he traveled to Plattsburgh and PATEL stated, to the effect, that he "went there to receive instructions on where to pick up the individuals" he had in his vehicle. Agents asked if he was being paid to pick these individuals up and he freely admitted that he was paid with the cash in his front right pocket that he pointed to. Agents finally questioned PATEL as to his citizenship, where he claimed that he is a citizen and national of India, with a pending Lawfully Permanent Resident application with the U.S. All four passengers claimed to be from India and freely admitted to illegally crossing the U.S./Canada International Border earlier in the night.

8.    At this time, agents determined to place the driver under arrest and transport all five subjects to the Burke Border Patrol Station for further records checks and processing.

9.    While at the station, biographical information and fingerprints were entered into Department of Homeland Security databases for all five subjects. Records checks confirmed the information previously gathered roadside. The driver, Rameshbhai Maganbhai PATEL, does have an open application for LPR status in the US, but has no final decision as of 04/01/2026. All four passengers, Ashok KUMAR, Jagjit SINGH, Ranjit SINGH, and SOMNATH freely admitted to agents again while at the Burke Station that they crossed the border illegally from Canada together in a group. All subjects were found to be illegally present in the United States.

*United States of America v.* **Ashok KUMAR, Jagjit SINGH, Ranjit SINGH, and SONMATH**

10.    It was later determined that the funds previously identified as proceeds by Rameshbhai Maganbhai PATEL equaled the amount of $1500.00 USD, all in $100 denominations.

11.    While at the station, agents attempted to conduct custodial interviews. Three of the five subjects requested an attorney before questioning and agents were unable to obtain a Punjabi interpreter for the other two subjects.

12.    Nationals and Citizens of India are required to apply for a visa if they seek to enter the United States. Indian citizens who are issued a visa by the United States government are required to present the visa and the person's passport to an immigration official at a Port of Entry as he or she seeks admission into the United States. Ashok KUMAR, Jagjit SINGH, Ranjit SINGH, SOMNATH do not possess valid visas and records show that they have not applied for one. If Ashok KUMAR, Jagjit SINGH, Ranjit SINGH, SOMNATH had presented themselves to a Port of Entry and asked permission to enter the United States, they would have been denied admission as they each do not possess a valid United States visa.

## Conclusion

13. Based on the foregoing, I respectfully request the Court issue the proposed complaint charging the defendants with improper entry by an alien, in violation of 8 U.S.C. § 1325(a)(1).

*Dylan G. Thomas*  4/1/2026
Dylan J. Thomas
United States Border Patrol

Attested to by the affiant in accordance with Rule 4.1
of the Federal Rules of Criminal Procedure.

Date:    APRIL 2, 2026

Hon. Gary L. Favro
United States Magistrate Judge